UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TRUSTEES OF THE NORTHEAST CARPENTERS
HEALTH, PENSION, ANNUITY, APPRENTICESHIP,
AND LABOR MANAGEMENT COOPERATION
FUNDS

                               Petitioners,

    -v.-

TRACY TROMBLEY CONSTRUCTION
COMPANY, INC.

                               Respondent.
----------------------------------------------------------------------X

For Online Publication Only

**FILED**
**CLERK**

1/16/2018 2:44 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

<u>**ORDER**</u>
16-CV-04493 (JMA)(SIL)

**AZRACK, United States District Judge:**

On August 11, 2016, petitioners Trustees of the Northeast Carpenters Health, Pension Annuity, Apprenticeship, and Labor Management Cooperation Fund ("Petitioners"), filed a petition (the "Petition", ECF. No. 1) to confirm an "Audit Order and Deficiency Award" (Petition, Ex. D, the "Arbitration Award") issued against respondent Tracy Trombley Construction Company, Inc. ("Respondent"). The Arbitration Award directs Respondent to pay Petitioners the sum of $106,640.97, consisting of:

- an estimated deficiency of $83,745.15;
- interest of $4,496.79;
- liquidated damages of $16,749.03;
- attorneys' fees of $900;
- and the arbitrator's fee of $750.

1

(Arbitration Award ¶ 1.)  The Arbitration Award also provides that Petitioners shall have the right to examine all records of Respondent, that Respondent shall cooperate in the performance of an audit by Petitioners at their discretion and be responsible for costs relating to the audit, that Respondent shall make future contributions to the Petitioners in accordance with the parties' collective bargaining agreement, and that Respondent shall be responsible for all court costs to enforce the Arbitration Order.  (Arbitration Award ¶¶ 2-7.)

According to the Petition, a copy of the Arbitration Award was delivered to Respondent, however no date or method of delivery is specified.  (Petition ¶ 19.)  On August 26, 2016, Petitioners served a copy of the Petition, including the Arbitration Award, and its supporting memorandum of law, on Respondent.  (Aff. of Service, ECF. No. 8.)

On January 17, 2017, Petitioners submitted a letter to the Court requesting that the Petition be reviewed as a motion to confirm the arbitration award and be deemed unopposed.  (ECF. No. 9.)  On May 18, 2017, nearly nine months after Respondent was served with the Petition, Respondent filed an answer to the Petition (the "Answer", ECF. No. 10), containing a number of affirmative defenses against the enforcement of the Arbitration Award.

Pending before the Court is Petitioners' May 18, 2017 letter motion to compel the court to reject the Answer and its renewed request that the Petition be deemed an unopposed motion for summary judgment (the "Motion", ECF. No. 11.)  Respondent has not responded to the Motion.

For the reasons set forth below, the Court grants Petitioners' Motion, and rejects Respondent's Answer as time-barred.  The Court further grants the Petition as unopposed, confirming the Arbitration Award and granting attorneys' fees.

**Discussion**

Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (1994) ("Section 301") provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards. See Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 88 (2d Cir. 1998) (citing Harry Hoffman Printing, Inc. v. Graphic Communications, Int'l Union, Local, 261, 912 F.2d 608, 612 (2d Cir.1990)).  Because Congress has not provided a statute of limitations for suits brought under Section 301, courts in this jurisdiction have determined the statute of limitations for the federal cause of action by looking at the appropriate state statute of limitations, in this case, N.Y. C.P.L.R. ("Section") 7511(a). Id.

Section 7511(a) provides that "[a]n application to vacate or modify an award may be made by a party within ninety days after its delivery to him." Although New York state courts have held that a defendant who fails to timely challenge an arbitration award may still assert affirmative defenses challenging the award's enforceability, courts in this Circuit have rejected this approach in the federal context as contrary to "the important federal interests of promoting resolution of labor conflicts quickly and effectively through arbitration." Parker Meridien Hotel, 145 F.3d at 89. The Second Circuit has held instead that "grounds for vacating an arbitration award may not be raised as an affirmative defense after the period provided in the appropriate statute of limitations governing applications to vacate an arbitration award has lapsed (in New York's case, ninety days)." Id.

Petitioners state that a copy of the Award was delivered to Respondent, but provide no evidence as to the date of delivery. (Petition ¶ 19.) However, even if the Arbitration Award was "delivered" to Plaintiff on the date on which Respondent was served with the Petition, August 26, 2016 (see ECF. No. 8), Respondent's affirmative defenses would still be time-barred. Respondent

did not file a motion to vacate or modify the award within the ninety-day time limit provided by Section 7511(a).  Furthermore, Respondent failed to file its Answer within the 21 day period provided by Federal Rule of Civil Procedure 12(a)(1)(A), and as declined to even respond to Petitioner's instant Motion to reject its Answer.

Instead, Respondent remained idle as Petitioner took action to resolve the dispute.  See Porter v. Thompson Roofing & Sheet Metal Co., 85 F. Supp. 2d 194, 198 (W.D.N.Y.), aff'd, 242 F.3d 367 (2d Cir. 2000).  Accordingly, this Court rejects Respondent's Answer as time-barred, including its affirmative defenses in opposition to the enforcement of the Petition.

This Court will treat the Petition as an unopposed motion for summary judgment. See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109–10 (2d Cir. 2006).  Petitioners asks the Court to: (1) confirm the Arbitration Award; (2) award petitioners $106,640.97 pursuant to the Arbitration Award; and (3) award petitioners $720 in attorneys' fees and costs.  (Memorandum of Law in Support of Petition to Confirm Arbitration Award at 7.)

After reviewing the Petition, and its supporting documents, the Court grants Petitioners summary judgment and confirms the Arbitration Award in the amount of $106,640.97. Further, the Court awards Petitioners attorneys' fees and costs totaling $720. The Clerk of the Court shall enter judgment in favor of Petitioners consistent with this order and close this case.

**SO ORDERED.**

Dated: January 16, 2018
Central Islip, New York

                                                          /s/     JMA
                                           JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE